IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LEE WHITE and ANGELA WHITE,

    Plaintiffs,

vs.  No. 07-2380-B/V

NITER & ASSOCIATES, et al.,

    Defendants.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On May 31, 2007, Plaintiffs Lee White and Angela White, who are husband and wife and are residents of Memphis, Tennessee, filed a pro se complaint that purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332.[1] On the basis of the information set forth in the affidavit submitted by Lee White, on behalf of both plaintiffs, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Niter & Associates and Mary Niter. The complaint does not provide an address for either defendant.

The complaint alleges that, on or about February 28, 2007, Defendants were "overseeing, instructing, hiring and or undertaking

---

[1] The docket incorrectly reflects that the case was brought pursuant to 42 U.S.C. § 1983, even though the complaint does not mention that provision and the defendants are not state actors.

certain repairs of the hole at 1936 Foster Avenue, Memphis, TN 38114," Compl., p. 2, which apparently is in proximity to Plaintiffs' residence at 1946 Foster Avenue. Plaintiff Lee White allegedly suffered physical injuries when his driveway collapsed as he was getting out of his vehicle. Id., p. 3. Plaintiffs claim that Defendants have not repaired the driveway and hole and have not compensated Plaintiff for his medical bills, as promised. Id. at 4. Plaintiffs seek money damages in excess of $75,000. Id. at 1.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiffs' complaint is subject to dismissal in its entirety.

Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.]

2

12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

Although the complaint purports to assert a common-law claim for negligence, the only basis for federal subject-matter jurisdiction over such a claim is 28 U.S.C. § 1332, diversity of citizenship. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 126 S. Ct. 606, 613 (2005) (citations omitted).

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. The complaint makes clear that Niter & Associates is a citizen of Tennessee, alleging as follows:

> Plaintiffs states [sic] that Defendant, Niter & Associates, now is and at all times relevant to this complaint was a company organized and existing under law of the State of Tennessee with its principal place of operations located in Memphis Tennessee. Plaintiffs are informed and believe, and base [sic] on that information and belief states, that at all times relevant to this action, Defendants Niter & Associates, was [sic] qualified to do business in the State of Tennessee, and is currently doing business in the State of Tennessee.

Compl., p. 3. Because Plaintiffs are citizens of Tennessee and Niter & Associates is a Tennessee corporation, there is no diversity jurisdiction.

Accordingly, the Court DISMISSES the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1) and (h)(3), for lack of subject-matter jurisdiction. In light of the dismissal of the complaint, the motion for appointment of counsel is DENIED as moot.

The Court must also consider whether Plaintiffs should be allowed to appeal this decision in forma pauperis, should they seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for lack of subject-matter

4

jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal <u>in forma pauperis</u> is, therefore, DENIED. If Plaintiffs file a notice of appeal, they must pay the $455 appellate filing fee in full or file a motion to proceed <u>in forma pauperis</u> in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 20th day of July, 2007.

                                  <u>s/ J. DANIEL BREEN</u>
                                  UNITED STATES DISTRICT JUDGE